Per Curiam.

1. The Court are of opinion, that a bond faithfully to perform the duties of teller, binds the obligors to a responsibility for reasonable and competent skill and due and ordinary diligence in the performance of his office ; that what is reasonable and competent skill and due and ordinary diligence depends upon the nature of the office ; that the obligors were bound, not for the honesty only of Ashur Adams, but for a faithful execution of the duties of his office, which embraces competent skill and due diligence; and that, taking into consideration the known nature and duties of the teller of a bank, the allegation that he has received moneys for which he has not accounted, is a sufficient assignment of a breach of the bond, which, if not justified or excused, will amount to a forfeiture.[1]
2. Taking it for granted, that the justification set forth in the rejoinder, viz. that the teller accidentally lost the money in over-payments, or that it was fraudulently stolen from him, would, if found for the defendant, be a good answer to the assigned breach, the only remaining question is, whether the evidence offered would warrant the jury in finding the issue for the defendant. This evidence, though it goes strongly to *312 repel the suggestion of loss by a want of integrity, yet, we think, is not sufficient to prove the specific mode of the loss. The burden is upon the defendant. He must show affirmatively the truth of the justification pleaded. And we are all of opinion, that the jury would not have been warranted in finding for the defendant upon the evidence offered.
There being, therefore, a sufficient breach set forth, and the rejoinder not being supported by the evidence, the penalty of the bond must be adjudged to be forfeited, and the defendant may be heard in chancery.

 State Bank v. Chetwood, 3 Halstead, 1; Barrington v. Bank of Washington, 14 Serg. & R. 405.